IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2020 Session

FILED

JAN 2 8 2021

Clerk of the Appellate Courts
Rec'd By _____

**STATE OF TENNESSEE v. CRAIG DAGNAN**

**Appeal from the Circuit Court for Marion County**
**No. 9885v5   Justin C. Angel, Judge**

_____

**No. M2020-00152-CCA-R3-CD**

_____

TIMOTHY L. EASTER, J, concurring.

I concur fully with the conclusion reached by the majority that there was overwhelming evidence to support the trial court's decision to revoke Defendant's probation and to order Defendant to serve the balance of his six-year sentence in incarceration. I write separately to simply express my belief that once a determination is made that a defendant has violated the conditions of his or her probation, neither an additional hearing nor any additional findings are statutorily mandated of a trial court to determine the manner in which the original sentence should be served.[1] Thus, there is no opportunity for an abuse of discretion when a "second exercise of discretion" is not required by either sections 40-35-310 or 40-35-311 of Tennessee Code Annotated.

By taking this position, I do not mean to suggest that a trial court has unfettered discretion to do as he or she pleases after a probation violation is found. Furthermore, I am aware that the practice of having an additional hearing to assist the trial court in reaching the ends of justice is commonplace in Tennessee trial courts. I do not believe such inquisition is wrong or ill-advised. Every circumstance is different and every defendant's achievements and failures are noteworthy. I simply just do not see that the statutes mandate such an additional hearing.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] Certainly this is not true of an original sentence to Community Correction where upon revocation, resentencing must be conducted in compliance with Tennessee Code Annotated section 40-35-210. T.C.A. 40-36-106(e)(4).